IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, | |
| Plaintiff, | No. MISC 07-0014 FCD KJM |
| vs. | |
| MDF FRAMING, INC., | ORDER |
| Defendant. | |
| _____/ | |
| ORENCO EAST VILLAGE, LLC, et al., | |
| Intervenors. | |
| _____/ | |

      Intervenor's motion to compel the deposition testimony of third-party witness LaCurtis Sumlin, Jr., and for a contempt citation under Federal Rule of Civil Procedure 45(e), came on for hearing on March 21, 2007. Jeffrey L. Anderson appeared for plaintiff. No appearance was made for Mr. Sumlin. At hearing, intervenors withdrew their request for sanctions in the form of attorneys' fees and costs, and instead requested the issuance of an arrest

1

1  warrant to ensure Mr. Sumlin's appearance at deposition.  Upon review of the documents in
2  support of the motion, upon hearing the arguments of intervenors' counsel, and good cause
3  appearing therefor, THE COURT FINDS AS FOLLOWS:
4         Intervenors initially issued a subpoena for Mr. Sumlin's deposition to occur on
5  November 2, 2006.  That subpoena, with witness fees as required by Federal Rule of Civil
6  Procedure 45,  was personally served on Mr. Sumlin on October 21, 2006.  Based on proceedings
7  in the case in which Mr. Sumlin's testimony is sought, Case No. 3:06-CV-169-MO (D. Or.), the
8  November 2 deposition of Mr. Sumlin was continued indefinitely.
9         Intervenors then issued a subpoena for Mr. Sumlin's deposition to occur on
10  December 18, 2006.  This subpoena was personally served on Mr. Sumlin on December 12,
11  2006.  The process server effecting service of this subpoena has submitted an affidavit stating
12  that Mr. Sumlin said he did not want the package and that he would "turn his dogs loose" on the
13  process server if he left the package, which he did.  The December 18 deposition date was
14  continued at the request of plaintiff's counsel in the Oregon case.
15         Most recently, intervenors issued a subpoena for Mr. Sumlin's deposition to occur
16  on January 9, 2007. This subpoena was served on Mr. Sumlin on December 31, 2006.  The
17  process server effecting service of this subpoena has submitted an affidavit stating that a man
18  matching Mr. Sumlin's description told him to leave the property or Mr. Sumlin would call the
19  sheriff.  Mr. Sumlin failed to appear for the January 9 deposition.
20         On March 8, 2007, this court issued an order to show cause, setting a hearing on
21  intervenors' motion to compel for March 21, 2007 at 10 a.m. and directing the filing by March
22  14, 2007, of any opposition to the motion to compel.  The order to show cause cautioned Mr.
23  Sumlin that failure to file opposition would result in an order compelling his deposition.  See
24  Docket No. 7.  The court's order directed the Clerk of Court to serve the order to show cause on
25  Mr. Sumlin at 3547 Misty Morning, Sacramento, CA 95827, and the docket reflects that such
26  /////

1  service was effected.  Id.  Mr. Sumlin did not file opposition and, as noted above, did not appear
2  for hearing.
3        Intervenors' request for an order compelling Mr. Sumlin's deposition is easily
4  resolved.  Given that Mr. Sumlin was properly served with the subpoena for a January 9
5  deposition, and failed to appear, and that he was put on notice by this court's order to show cause
6  that the court would compel his deposition, that request will be granted.
7        Intervenors' requests for a citation of civil contempt and for an arrest warrant to
8  compel Mr. Sumlin's attendance at deposition are not so easily resolved.  Regarding the
9  contempt citation, a magistrate judge's authority to cite a person in Mr. Sumlin's position is
10 limited by statute.  Under the circumstances present in the instant matter, this court may at most
11 certify the facts and order Mr. Sumlin to appear before the assigned district judge to show cause
12 why he should not be found in contempt.  28 U.S.C. § 636(e)(6).  At this point in time, Mr.
13 Sumlin has not directly defied a court order, but rather has failed to oppose intervenors' motion
14 after having been put on notice that by doing so he will be subject to a court order compelling
15 him to deposition.  On these facts, and recognizing the discretionary nature of the contempt
16 authority provided by Rule 45, this court currently is not prepared to certify the facts and order
17 Mr. Sumlin to appear before the district judge for contempt proceedings.  Without a
18 determination of contempt, an arrest warrant should not issue.
19       Given Mr. Sumlin's history of obstreperous conduct in the course of intervenors'
20 service of subpoenas on him, as demonstrated by the record, the court will direct that the U.S.
21 Marshals Service serve this order on Mr. Sumlin as soon as possible before the time set for
22 deposition on March 28.  Mr. Sumlin is hereby cautioned that if he fails to appear for deposition
23 as ordered herein, this court will certify the facts of this matter to the district judge and
24 recommend a finding of contempt and the imposition of sanctions, which could include the
25 issuance of an arrest warrant to compel Mr. Sumlin's testimony or a fine to be paid to the court
26 or both.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Intervenors' motion to compel the deposition testimony of LaCurtis Sumlin, Jr. is granted;

2. LaCurtis Sumlin, Jr. is hereby ordered to appear for deposition at the office of intervenors' local counsel, Diepenbrock Harrison, 400 Capitol Mall, Suite 1800, Sacramento, CA 95814, at 10 a.m. on March 28, 2007;

3. LaCurtis Sumlin, Jr. is hereby cautioned that if he fails to appear for deposition at the time and place set forth above, the undersigned will certify the facts of this matter to the district judge and recommend the issuance of a civil contempt citation and the imposition of sanctions.

4. The Clerk of Court is directed to serve a copy of this order by mail on LaCurtis Sumlin, Jr., 3547 Misty Morning Circle, Sacramento, CA 95827, and to docket proof of such service.

5. The Clerk of Court also is directed to serve a copy of this order on Heidi Burghardt, Administrative Officer, U.S. Marshals Service, 501 I Street, Fifth Floor, Sacramento, CA 95814.

6. The U.S. Marshals Service is directed to personally serve this order on LaCurtis Sumlin, Jr. at 3547 Misty Morning Circle, Sacramento, CA 95827.

DATED: March 23, 2007.

_____
U.S. MAGISTRATE JUDGE